In The United States District Court for the
Middle District of Alabama
Northern Division

Ex Parte James R. West, Jr.

(In re: James R. West

V.

Captain Sconyers, et al.,
        Defendants).

2:08-CV-82-MEF

## Motion For Protective Order

Comes Now the Plaintiff and moves the Court for Order to be placed in protective custody upon his release from disciplinary segregation on March 8, 2008.

Alternatively, West moves the Court for appropriate Order to issue to Richard F. Allen, Commissioner, ADOC, to show cause why West has not and should not be located at another state prison in view of the fact that West, after the incident of 1/18/08, has been the victim of excessive use of force by ten (10) different Corrections Officers assigned to Easterling Prison.

The Complaint in this cause alleges West was shocked with the electronic riot shield and/or stun belt and after he was incapacitated, he was beaten severely and suffered internal and external injuries because of that beating.

Because of the beating inflicted upon West on January 18, 2008, he was hospitalized for five (5) days. West continues to suffer physical pain from internal injuries he received to his ribs and kidneys.

As of the date of this motion, ADOC's I&I Division has not investigated that incident. Since that date two defendants in CV-07-9740 have been reassigned duty in the seg unit where West is assigned.

Within the past week these two officers, J. Hamilton and Maurice Keaton, have implied threats of injury to West. These officers were restricted from duty assignment in the seg unit where West has been assigned. After West was released from the hospital these officers resumed duty duty assignments in this area of the prison.

Based on recorded prior incidents of threats of force and unnecessary use of excessive force by named and unnamed corrections officers against the person of West, West believes there does exist a hostile environment for West within the general prison environment as well as within the segregation confinement unit where West has been held since 12/20/06.

However, incidents of the unnecessary and excessive use of force within the segregation unit cannot be concealed as easily as in the general prison environment. West moves the Court for this temporary Order to ensure his personal safety until such time as the Court can conduct its own fact finding analysis to support or refute West's claim as set forth herein.

West believes that this Court, after reviewing the number of prior recorded incidents of the unnecessary and excessive use of force which occurred from 1/07 - 1/18/08, will conclude that there is substantial risk of further incidents of unnecessary and excessive use of force against West if he is forced into the general prison environment.

West submits to this Court that based on the record of these past incidents, there is a greater probability that West will suffer from use of excessive force than there is that he will not suffer from the unnecessary and excessive use of force at the hands of corrections officers assigned to Easterling Prison.

Wherefore, premises considered, West prays that the Court grant relief in: (1) order Louie D. Boyd, Warden, Easterling Prison, to cause appropriate action to be taken to place West in a single occupancy cell, protective custody status on or before March 8, 2008; (2) cause appropriate Order to issue to Richard F. Allen, Commissioner, ADOC, wherein he is required to show cause why West should not be relocated at another state prison facility due to the continuing incidents of threats of violence and recorded prior incidents of unnecessary and excessive use of force by Corrections Officers; or (3) set this cause for hearing and provide West an opportunity to offer that documentary evidence he has within his possession to support the Order for placement in protective custody or transfer to another state prison; (4) any and all other relief the Court may deem appropriate.

Respectfully submitted the 19th day of February, 2008.

James R. West, Jr., Pro Se

In The United States District Court For the
Middle District Of Alabama
Northern Division

James L. West, Jr.,
    Plaintiff,

v.

Captain Scongers, et al.,
    Defendants.

2:08-CV-82-MEF

### Statement Of James L. West, Jr., In Support Of Order

I respectfully move the Court to accept this verified statement in lieu of Affidavit because I was informed by the Law Library Supervisor, Bryan Davis, that he couldn't notarize my Affidavit on this date, February 16, 2008.

I submit this statement in support of my Motion for Protective Order only. As I stated in that motion, ADOC, State Merit System Employees assigned to Easterling Prison, Louis D. Boyd, Warden, and Carter F. Davenport, Associate Warden, have intentionally, willfully and deliberately failed to comply with ADOC policy and statutory provisions by not reporting the incident of use of excessive force wherein I was injured, hospitalized and suffered serious physical injury as that term is defined in AR 300, AR 377 and Title 13A, Code of Alabama 1975.

I was subjected to unnecessary and unreasonable use of excessive force in that I was incapacitated by the plexiglas electronic riot shield and/or stun belt by named defendants.

I was beaten severely after I was incapacitated with the shield and/or belt. Anytime an inmate is injured by use of force by correctional employees, corrections officers, ADOC's Legal Division must be notified if the state prisoner sustained injuries. I suffered internal and external injuries. My ribs were injured and my kidneys still do not function properly. They cause me great pain and I suffer from blackouts. I did not suffer from any of the above named infirmities prior to January 18, 2008.

The only purpose for Boyd and Davenport to force me into the general prison population is to be subjected to more incidents of use of excessive force by corrections officers because of complaints I have filed with: Jackie Graham, Director, State of Alabama Personnel Board; Richard F. Allen, Prison Commissioner; Troy King, Attorney General, State of Alabama; Bob Riley, Governor, State of Alabama; and Richard Shelby, U.S. Senator.

I am including herein a chronological listing of the written complaints I have submitted. I have provided a brief synopsis of the substance of each complaint. I offer this to show the court that the incident which occurred on 1/18/08 was not because I refused to be handcuffed. It was because I refused an invitation to withdraw legal complaints I have pending in the state courts. Your Honor, I am prepared to show unto this Honorable Court that I was beaten for exercising my rights under the First Amendment to the U.S. Constitution.

In addition to placing me in a position and an environment to be subjected to further incidents of unnecessary use of excessive force by placing me in the general prison population is: (1) To undermine my complaint that I should never have been held in segregative confinement for over one (1) year; and (2) that any further incidents of unnecessary use of excessive force against me by corrections officers can be concealed more easily.

I impress upon the court that I do have grave concerns for my personal safety because of the complaints I have pending in the state courts, and the attitudes of correctional staff since the incident of 1/18/08. Most of the conversation I have overheard reflects that of humor accompanied with the comment that it should have happened quicker than it did.

Your Honor, in all sincerity, not only do I not trust the corrections officers, I do not trust myself. By no means do I intend to imply a threat upon any ADOC employee, however, I do not think I could restrain myself from taking defensive measures in a confrontation not as overwhelming as it was on 1/18/08, 7-1.

<u>Verification</u>

I declare under the penalty of perjury that all statements made herein are true, accurate and complete. All statements are based on my personal knowledge.

Respectfully submitted the 19th day of February, 2008.

James L. West, Jr., Pro Se

2

## Exhibits in Support of Verified Statement

The below is a record of incidents of excessive use of force while I have been assigned to Easterling Prison. There is a complaint pending in Montgomery County Circuit Court wherein I have filed a complaint for violation of my 8th and 14th Amendment rights. None of the incidents below involve any of the defendants in 2:08-CV-82-MEF. There are three defendants in that lawsuit, CV-07-1740.

(1) January 28, 2007, (2) August 17, 2007, (3) August 19, 2007, (4) September 6, 2007, (5) October 10, 2007, (6) October 30, 2007, (7) January 10, 2008, (8) January 29, 2008, (9) February 14, 2008, (10) February 15, 2008 (#9, 10, threats of violence by defendants in CV-07-1740)

In all of the above referenced incidents, the offending officer used the handcuffs as weapons to inflict pain and physical injury to my wrists and forearms. The incidents are recorded at HCU, body charts.

In each of the above incidents, I have copies of written requests/grievances I sent to the Warden, Prison Commissioner, and in certain cases, the Attorney General. No action was taken by any of those individuals.

Since the incident of 1/18/08 officers I have made defendants in this lawsuit 2:08-CV-82-MEF and CV-07-1740 have become bolder with comments of force and implied threats of physical injury.

Also, officers that have been restricted from the area I am assigned on shower days are now being assigned duty in my assigned area. There are days, when they are on duty, I do not get a shower because they refuse to allow me out of the cell.

As I stated in my motion, I am prepared to present the documentary evidence I have if the Court finds it appropriate to conduct a hearing regarding my request to be placed in protective custody or transferred to another state prison.

I respectfully request the Court to render a decision regarding this matter prior to March 8, 2008, as I fear reprisal if I am not transferred or placed in protective custody by this Honorable Court.

Chronological listing of complaints/grievances filed and which forms the basis for the use of excessive force complaint which occurred on January 18, 2008.

1. October 16, 2006 - Draper - Complaint regarding use of excessive force addressed to Prison Commissioner, copy to Richard Shelby. Allen forwarded copy to DeLoach for investigation. DeLoach told Commissioner I would file complaints until I was transferred. Called by DeLoach on 12/13/06. Transferred on 12/14/06.
2. December 14, 2006 - Transferred from Draper to Easterling.
3. December 20, 2006 - Placed in admin seg - enemy validation.
4. December 24, 2006 - Reclassed admin seg.
5. December 26, 2006 - Disciplinary - filing complaint on medical (45 days)
6. January 2, 2007 - Grievance - 3 men in 8'x10' cell.
7. January 11, 2007 - Captain Knox threatened because I would not sign a living agreement.
8. February 23, 2007 - Appealed Director, Central Classification.
9. March 9, 2007 - Mandamus - Personnel Board - State Employees
10. Hearing set for August 9, 2007.
11. June 28, 2007 - Injured with handcuffs. (Grievance)
12. August 1, 2007 - Injured with handcuffs. (Grievance)
13. August 14, 2007 - Injured with handcuffs. (Grievance)
14. September 6, 2007 - Injured with handcuffs. (Grievance)
15. October 10, 2007 - Injured with handcuffs. (Grievance)
16. October 30, 2007 - Injured with handcuffs. (Grievance)
17. January 10, 2008 - Injured with handcuffs. (Grievance)
18. January 17, 2008 - Associate Warden Davenport - checked me out of seg - drop complaints - quit filing grievances release from seg. Refused.
19. January 18, 2008 - Use of excessive force to extract me from cell. Hospitalized 3 days. Shocked with electronic shield, beaten by 6 officers.
~~20.~~ ~~Refused~~
20. January 21, 2008 - Released from hospital - placed in disciplinary segregation.
21. January 29, 2008 - Injured with handcuffs.

2

James R. West, Jr. 110315
B-15
Easterling Prison
200 Wallace Drive
Clio, Alabama 36017

MONTGOMERY AL 361
19 FEB 2008 PM 2 T

USA 41

Debra P. Hackett
Clerk
U.S. District Court
P.O. Box 711
Montgomery, Alabama 36101-0711

36101+0711