In The United States District Court For The
Middle District of Alabama
Northern Division

James R. West, Jr.,
  Plaintiff,

V.                                    2:08-CV-82-MEF

Captain Sconyers, et al.,
  Defendants.

## Motion To Reconsider And Set Aside Order

Comes Now the Plaintiff in the above-styled cause and moves the Court to reconsider and set aside its Order issued February 21, 2008 wherein the Court denied Plaintiff's motion for injunctive relief, to place him in protective custody on or before March 8, 2008, to prevent further physical assaults on Plaintiff by certain named prison guards employed at Easterling Prison.

As Grounds for this Motion, West shows unto the Court as follows:

Included with my motion for protective order, I submitted a verified statement wherein I provided this Court with numerous prior incidents of use of excessive force through improper use of handcuffs by three (3) officers not named in the complaint now before this Court. Those three (3) named officers have been named as defendants in a separate proceeding.

After the incident of 1/18/08 which forms the basis for the complaint in this cause, ten (10) officers have been named as defendants regarding use of excessive force incidents within a 12 months period.

In my motion, I requested this Court provide me protection from physical abuse by ADOC prison guards. I have in my possession documentary evidence to show the Court where I have sought protection from physical abuse at the hands of prison officials through the following state officials:

Troy King, Attorney General, State of Alabama; Richard F. Allen, Commissioner, Alabama Department of Corrections; Louis D. Boyd, Warden, Easterling Prison, and Chester F. Davenport, Assistant Warden, Easterling Prison.

Because none of the above named individuals would provide me that protection I am entitled under state and federal law, I was beaten and hospitalized for five (5) days and I suffered internal and external injuries because of that unnecessary and unreasonable use of excessive force on 1/18/08.

Because of my circumstances, state imposed confinement, I am prevented from defending myself by resisting any use of force by the prison guards.

I renew my request for this Court to exercise jurisdiction found under my federally protected rights under the 8th Amendment to the U.S. Constitution. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Youngberg v. Romeo, 457 U.S. 307, 102 S. Ct. 2452, 73 L. Ed. 2d 28 (1982).

Included with my 'verified' statement, I have documented eight (8) prior incidents of physical abuse other than the severe beating I suffered on 1/18/08. (See Exhibit I In Support of Verified Statement.) On two (2) other occasions I was threatened by guards who are defendants in a separate proceeding.

I submit to the Court my personal safety is in jeopardy. I made that statement prior to 1/18/08. I stand firmly by my statement. My safety is in jeopardy because of the prison guards I have named in pending legal actions. Protective Custody was designed for cases such as this at least until the controversy has been settled, or other arrangements have been made to ensure my personal safety.

All incidents of use of excessive force including the severe beating inflicted upon me on 1/18/08 all occurred while I was being held in administrative segregation. If placed in the general prison population around these guards where I have no protection, I submit to the Court that physical assaults by these guards are a greater than reasonable probability. The use of excessive force against inmates after placed in restraints and before being placed in restraints is greater at Easterling Prison than any security level four (4) prison in the State of Alabama.

2

Therefore, that is why I have requested the Court Order me placed in protective custody with the stipulation that all my movements from the cell be documented and monitored.

Wherefore, premises considered, West prays the Court reconsider and grant the Motion for Protective Order, and any and all other relief the Court may find appropriate.

Respectfully submitted the 26th day of February, 2008.

James R. West, Jr., Pro Se

3

EASTERLING CORRECTIONAL FACILITY
200 WALLACE DRIVE
CLIO, ALABAMA 36017

James R. West, Jr. 116315
B-15

Free Legal Mail

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

36101+0711-11 8007



Debra P. Hackett
Clerk
U.S. District Court
P.O. Box 711
Montgomery, Alabama 36101-0711