IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES R. WEST, # 110315 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-CV-82-MEF |
| | ) | |
| CAPTAIN SCONYERS, *et al.*, | ) | (WO- DO NOT PUBLISH) |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiff James R. West's Motion for Leave to Submit Affidavit of Stephen Morgan (Doc. # 66), filed March 9, 2011. Stephen Morgan occupied the cell next to West's during the incident from which West's claim of excessive force arises. Counsel for defendants has informed the Court that Morgan was granted parole in October 2010, and is therefore no longer incarcerated by the State of Alabama. (Doc. # 61). Accordingly, West would need to subpoena Morgan in order to compel his testimony as a witness in this cause. West has indicated that he does not have the funds to pay the subpoena fee and therefore wishes to use Morgan's affidavit in lieu of calling him to testify.

In support of his request, West cites to Federal Rules of Evidence 804(a)(5), apparently arguing that Morgan's affidavit is an exception to the hearsay rule because Morgan is unavailable. Under Rule 804(a)(5), a witness is unavailable if he "is absent from the hearing and the proponent of a statement has been unable to procure the

declarant's attendance . . . by process or other reasonable means." West has provided the Court with no evidence that he has attempted to subpoena Morgan, or that any attempts to subpoena him were unsuccessful. According to West's motion, he is unaware of any attempts made by any party to even locate Morgan since he was granted parole. Accordingly, West has not demonstrated that Morgan is unavailable to appear as a witness. The inability to afford the cost of a subpoena is not a ground for finding that Morgan is unavailable. Unavailability generally requires a showing that a witness either cannot be located or is beyond the subpoena power of the court. *See, e.g.*, *U.S. v. Samaniego*, 345 F.3d 1280, 1283–84 (11th Cir. 2003) (finding a witness unavailable because as a resident of Panama, he was outside the subpoena power of the district court and all attempts made by family members to locate him had failed).

Even if Morgan was an unavailable witness, his affidavit would still not fall within the categories of statements permitted under Rule 804. Morgan's affidavit is not former testimony given either at a hearing or at a deposition, was not made under impending death, is not against his interest, is not a statement of personal or family history, and does not qualify as a forfeiture by wrongdoing.

West also argues that Morgan's affidavit is admissible under Rule 807, the residual hearsay exception. That rule provides that "[a]ny statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule." The Rule also requires that in order to be admissible, the

offered statement must be "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." West has not shown an inability to obtain Morgan's trial testimony, which would certainly be more probative than the offered affidavit. Accordingly, Morgan's affidavit is not admissible under the residual exception to the hearsay rule.

For the reasons stated in this opinion, West's Motion for Leave to Submit the Affidavit of Stephen Morgan (Doc. # 66) is DENIED.

Done this the 17th day of March, 2011.

                /s/ Mark E. Fuller
        CHIEF UNITED STATES DISTRICT JUDGE