IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES R. WEST, # 110315 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-cv-82-MEF |
| | ) | |
| CAPTAIN SCONYERS, *et al.*, | ) | (WO-DO NOT PUBLISH) |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Plaintiff James Robert West's ("West") Motion for New Trial (Doc. # 78), filed April 4, 2011. West requests the Court grant him a new trial pursuant to Federal Rule of Civil Procedure 59. His motion was timely filed within twenty-eight days of judgment, as required by Rule 59(b). (See Doc. # 77, Judgment entered March 25, 2011).

In support of his motion, West raises eight grounds on which he claims he is entitled to relief:

(1) The jury's verdict was against the great weight of the evidence;

(2) The jury's verdict was against the great weight of the law;

(3) The Court's response to a jury question misled the jury;

(4) The undersigned abused his discretion by refusing to allow West to admit the deposition of Stephen Morgan;

(5) The undersigned abused his discretion by denying West's request for an attorney;

(6) The undersigned abused his discretion by denying West's request for funds to subpoena witnesses;

(7) The undersigned erred in refusing a jury charge that West submitted; and

(8) West was denied the right to a fair trial because he was indigent.

For the foregoing reasons, none of West's grounds for relief are meritorious. Accordingly, his request for a new trial is due to be denied.

First, West's contention that the jury verdict is against the great weight of authority is misplaced. The Defendants presented evidence that West backed up into his cell, put up his fists, and announced that he would fight any correctional officer that entered his cell. Each defendant also testified that after West was placed on the bed in his cell, he continued to fight the officers, and may have tried to bite one. Based on this testimony, the jury could easily have found that all force used by the officers was reasonable and necessary.

Second, West contends that the jury verdict was in conflict with the law. West does not provide any legal support for this conclusion, and the Court knows of no reason why the verdict would be in conflict with the law.

Third, West argues that the undersigned confused the jury when it answered the jury's question. West does not explain how he believes the Court's answer confused the jury, and accordingly has not established that a new trial is required in this case.

Fourth, West argues that the Court's denial of his request to introduce the deposition of Stephen Morgan was an abuse of discretion. As pointed out in this Court's

memorandum opinion and order dated March 17, 2011 (Doc. # 70), West was unable to show that Morgan was unavailable for purposes of Federal Rule of Evidence 804(a)(5). West has submitted no new argument regarding why Morgan's affidavit should have been admitted, and accordingly this Court incorporates by reference the rulings contained in it's March 17, 2011 memorandum opinion and order.

Fifth, West argues that the Court erred by denying West's request for counsel. There is no constitutional right to an attorney in a civil case. The appointment of counsel is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). This was not such a case. West's trial involved only one claim under § 1983. Considering that West has filed six lawsuits in this Court alone since 1992, most, if not all, involving § 1983, West was capable of representing himself in this matter.

Sixth, West argues that the Court erred by denying West's request for funds to subpoena witnesses. The power to issue a subpoena for an indigent party is within the Court's discretion in a civil proceeding such as this one. *Lloyd v. McKendree*, 749 F.2d 705, 706–07 (11th Cir. 1985). West has not shown an abuse of discretion. In this case, the relevant facts could be easily admitted through the testimony of the defendants and West, and the use West's medical chart.

Seventh, West claims that the Court erred in refusing to include in the jury charge language that West claims to have requested. The Court has reviewed the trial transcript,

3

and at no time did Mr. West object to the jury charge given.  Therefore, he has failed to preserve this as an error pursuant to Federal Rule of Civil Procedure 51(d).  While West can still raise this objection, the Court can only consider it if the error is plain and affects substantial rights.  Fed. R. Civ. P. 51(d)(2).  The Court finds no error in the charge that would affect West's substantial rights.

Lastly, West argues that he was denied a fair trial based on his indigent status. West does not elaborate on this contention.  However, the Court has already addressed West's claim regarding the denial of an attorney and the denial of the request for money to subpoena witnesses.  West has pointed out no other way in which his indigent status could have prejudiced him in this trial.

Because West has not provided this Court with meritorious grounds for granting him a new trial, it is hereby ORDERED that his motion for new trial (Doc. # 78) is DENIED.  It is further ORDERED that West's Motion for Extension of Time (Doc. # 81) filed on May 4, 2011 is DENIED.

Done this the 5th day of May, 2011.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE